UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KING TUTANKAMEN aka MIACHAEL MAXWELL HILL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>VETERANS AFFAIRS,<br><br>　　　　　　Defendant. | Case Nos. 2:22-cv-1851-RFB-EJY; 2:22-cv-1877-RFB-EJY; 22-cv-1894-RFB-EJY<br><br>**ORDER** |

A federal court may dismiss a complaint *sua sponte* pursuant to Fed.R.Civ.P. 12(b)(6) when the plaintiff clearly fails to state a claim upon which relief may be granted. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief.") (internal citations omitted). A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984) (generally addressing frivolous law suits brought by in forma pauperis applicants); see also Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989).

On November 30, 2022, this Court exercised its right, under the All Writs Act to issue an order declaring Plaintiff a vexatious litigant and requiring him to obtain leave of court before commencing any new action in this District. Molski v. Evergreen Dynasty Corp., 500 F.3d 1047, 1057 (9th Cir. 2007). A vexatious litigant is one who files numerous, harassing, duplicative lawsuits, and may raise in such lawsuits frivolous or unintelligible claims. De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990). In its order, the Court stated that "the exceptional number of filings across the last three months, coupled with their nonsensical nature, force the Court to

1  declare Plaintiff a vexatious litigant.  Plaintiff is likely to continue to abuse the judicial process
2  absent this form of intervention, given the pattern of filing numerous, frivolous documents
3  that require the Court to expend many judicial resources to the detriment of other litigants.
4  Sanctions and mere dismissal of his current lawsuits will not deter Plaintiff from filling
5  additional harassing and frivolous suits.  As recently as September 2, 2022, this Court dismissed
6  a case filed by Plaintiff: King Tutankamen v. Harvey, 2:22-cv-01219-RFB-EJY.  Since then,
7  Plaintiff has only renewed his efforts to file cases before this Court, presenting the same
8  unintelligible contents."

The above captioned matters were filed by the Plaintiff in early November 2022.  The cases listed in the case caption here resemble Plaintiff's other filings with this Court.  They read like fantasy stories. They reference various famous people, contain narratives that read like fantasy stories, and sometimes include attempts at filing criminal cases.  There is no relief requested that the Court *could* grant based on these unintelligible filings. Therefore, the Court finds *sua sponte* that these cases are frivolous as a matter of law, and that Plaintiff has failed to state a claim upon which relief may be granted.  Mallard v. United States Dist. Court, 490 U.S. 296, 307-08 (1989) (noting that Courts have the inherent power to dismiss a frivolous or malicious lawsuit).

For these reasons IT IS SO ORDERED that the above captioned matters are dismissed with prejudice.

**DATED:** December 22, 2022

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

2